**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000143
12-DEC-2013
08:30 AM**

NO. CAAP-10-0000143


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERT GREENWELL, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-298K)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Defendant-Appellant Robert Greenwell's (Greenwell) appeal from the Honorable Ronald Ibarra's November 3, 2010 order granting Greenwell's motion for deferred acceptance of his no contest (DANC) plea to resisting arrest in violation of Hawai'i Revised Statutes (HRS) § 710-1026 (1993 & Supp. 2012) because HRS § 641-11 (Supp. 2012) does not authorize an appeal from such an order.

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted).  "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001).  The November 3, 2010 order

granting Greenwell's DANC plea does not belong to any of these three categories of statutorily authorized appeals for a criminal defendant. For example, although "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court" (HRS § 641-11), the supreme court has explained that,

> [u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized. Because there is no conviction when the acceptance of a plea is deferred, . . . an order granting a DANC plea such as the one issued here is not a conviction nor is it a sentence. There having been no conviction and sentence in this case, there can be no appeal under HRS § 641-11 from the . . . order granting Defendant's plea deferral.

Kealaiki, 95 Hawai'i at 312, 22 P.3d at 591 (citations, internal quotation marks, original brackets, and original ellipsis points omitted) (dismissing a defendant's appeal from an order granting a DANC plea for lack of appellate jurisdiction). Similarly in the instant case, HRS § 641-11 does not authorize Greenwell's appeal from the November 3, 2010 order granting Greenwell's DANC plea.

Absent a statute authorizing an appeal from the November 3, 2010 order granting Greenwell's DANC plea, we lack jurisdiction over Greenwell's appeal in appellate court case number CAAP-10-0000143. Accordingly,

IT IS HEREBY ORDERED that we dismiss this appeal for lack of jurisdiction.

DATED: Honolulu, Hawai'i, December 12, 2013.

Presiding Judge

Associate Judge

Associate Judge

2